**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MAURICE DOSSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-03640 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed in *forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and this matter will be dismissed as precluded by *res judicata*.

Plaintiff, a resident of West Virginia, sues the United States, the Federal Bureau of Investigation ("FBI") and its Director, an FBI Deputy Assistant Director of the Security Division, the Chief Security Officer of the FBI's Pittsburgh Division, and "John Doe FBI Agents 1-6." Plaintiff alleges that the FBI convinced him to apply and test for a linguist position with the agency, but in the process, he was subjected to abuse and discrimination. He further states that he "tolerated the highly toxic, intrusive and offensive behavior of Defendants reasoning that perhaps it was a necessary part of the background investigation." He contends the FBI's alleged harassment continued even after he withdrew his candidacy for the linguist position. He claims the FBI felt jilted by his withdrawal and became "obsessed" with him, describing several examples of the FBI's alleged long-term "psychological campaign of terror" against him. For example, he alleges that FBI agents posed as customers in order to disrupt an auto dealership business that he was attempting to open. He contends that he has received "death threats" from defendants, and

that he was almost killed in a suspicious accident when his car became "suddenly erratic, uncontrollable and drove itself into a tree[.]"  Plaintiff also claims to have been subject to regular harassing text messages and phone calls and surveillance, and states that his bank cards, email, and social media accounts were hacked.  He attributes all these events to his "feud" with the FBI. He maintains that he reported defendants' alleged actions to local and state law enforcement, members of Congress, and the President of the United States.  He alleges that he has suffered permanently, and he demands unspecified damages under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 1346(b), and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

"The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co*., 723 F.2d 944, 946 (D.C. Cir. 1983).  And a court may dismiss a claim or issue *sua sponte* when it is on notice that that the claim or issue has been previously decided, in an effort to prevent "unnecessary judicial waste." *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007), quoting *Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted); *see accord Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the *res judicata* preclusion defense *sua sponte*"), citing *Brown v. Dist*. *of Columbia*, 514 F.3d 1279, 1285–86 (D.C. Cir. 2008) (other citation omitted).  More specifically, *res judicata* and *collateral estoppel* "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*[,]" *Fenwick v. United States*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (alterations in original), quoting *McGee v. District of Columbia*, 646 F. Supp. 2d 115, 123 (D.D.C. 2009) (internal quotation marks omitted); citing *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997), because the court bears a responsibility to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and

piecemeal litigation[,]" *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Plaintiff already filed a nearly identical lawsuit in this District, raising these same allegations, based on identical facts, against all the same defendants with the exception of the United States and the Doe defendants. *See Dosso v. Barr, et al.*, No. 19-cv-01009 (APM) (filed Apr. 10, 2019), at Complaint, ECF No. 1.  That matter was dismissed in full on May 22, 2022; the dismissing court found that (1) overall, plaintiff's claims were frivolous, (2) he had failed to state a claim pursuant to 42 U.S.C. § 1981, (3) his Title VII claims were time-barred, and (4) plaintiff was not entitled to leave to amend the complaint because it would have been futile. *See id.* at Memorandum Opinion, ECF No. 29; *see also id.* at Order, ECF No. 30.  The United States Court of Appeals for the District of Columbia Circuit affirmed the trial court's determinations on May 13, 2021.  *See id.* at Mandate, ECF No. 33.

It is of no consequence that plaintiff sought relief in the previous matter pursuant to 42 U.S.C. § 1981 and Title VII, but now attempts to reframe his claims under the FTCA and *Bivens*. Whether a case is duplicative turns on whether the two cases at issue share the same "nucleus of facts." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002), quoting *Page v. United States*, 729 F. 2d 818, 820 (D.C. Cir. 1984); *see Stanton*, 127 F.3d at 78 (same).  And a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that "were or *could have been* raised in that action." *Drake*, 291 F.3d at 66 (emphasis in original), quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 218 (D.C. Cir. 2004).  There is no question that this matter arises out of the same nucleus of facts as plaintiff's prior case; the complaints are nearly identical.  Plaintiff was therefore clearly on notice of defendants' alleged wrongdoing, and there was no reason why he could not have raised FTCA or *Bivens* claims in the previous lawsuit.

Nor can plaintiff circumvent this preclusion by now naming the United States and the Doe defendants[1] in this action. "The government, its officers, and its agencies are regarded as being in privity for claim-preclusive purposes." *Wilson v. Fullwood*, 772 F. Supp. 2d 246, 261 (D.D.C. 2011) (collecting cases); *see Sunshine Anthracite Coal v. Adkins*, 310 U.S. 381, 402–03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

The adjudication in this District of plaintiff's previous lawsuit bears preclusive effect on this matter, and the complaint is dismissed.  Plaintiff's pending motion for CM/ECF access, ECF No. 3, and motion for use of P.O. Box, ECF No. 4, are both denied as moot.  A separate order accompanies this memorandum opinion.

/s/_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   January 5, 2023

---

[1]     Additionally, the Local Rules of this Court state that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party[,]" or face dismissal, D.C. LCvR 5.1(c)(1).   "[T]here is no provision in the federal statutes or federal rules of civil procedure for the use of fictitious defendants[,]" *Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997), citing *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (other citation omitted), *aff'd*, No. 97-5208, 1998 WL 65543, (D.C. Cir. Jan. 30, 1998).